IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAUL M. PARISE,
    Plaintiff
    v.
SECRETARY OF CORRECTIONS JOHN
WETZEL, et al.,
    Defendants

Case No. 3:12-cv-179-KRG-KAP

## Report and Recommendation

### Recommendation

The remaining defendants have filed a motion under Fed.R.Civ.P. 12(b)(6), docket no. 19. It should be denied.

### Report

As the Court recalls, this is a civil rights claim by Paul Parise, a former inmate at S.C.I. Houtzdale, who alleges that while he was at Houtzdale on January 15, 2011, his cellmate, Sasse, assaulted him. The defendants are corrections personnel who allegedly were deliberately indifferent to plaintiff's warnings about and requests for separation from Sasse and responded inadequately after the attack.

The defendants move to dismiss the complaint on the ground that Parise failed to exhaust his administrative remedies, citing the Prison Litigation Reform Act of 1996's amendment of the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail, prison, or other correctional facility** until such administrative remedies as are available are exhausted. (my emphasis)

The PLRA, Congress's attempt to cut down on some of the waste of federal court resources caused by inmates filing vague, meritless, or easily resolved complaints, mandates exhaustion of such remedies as may be available before an inmate files a complaint in federal court. The PLRA is, however, a limited solution to the problem of frivolous litigation in federal court: notwithstanding its mention of administrative remedies, civil actions, and inmates, the PLRA does not command states to create administrative remedies, nor does it prevent inmates from commencing actions in state court without exhaustion of remedies, nor does it apply to non-inmate litigants.

A plaintiff's status as an inmate for purposes of the PLRA (and by logical extension, CRIPA too) is judged as of the time he files his original complaint. <u>Defreitas v. Montgomery County Corr. Facility</u>, 2013 WL 1878842 (3d Cir. May 7, 2013). Parise, who filed his complaint in August 2012 after he was released from custody in December 2011, is a non-inmate litigant even if his complaint is about events that took place when he was an inmate.

In <u>Ahmed v. Dragovich</u>, 297 F.3d 201 (3d Cir. 2002), the Court of Appeals observed that the PLRA was directed to regulating filings in federal court, <u>id.</u> at 205, <u>citing</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir.2000), and that plaintiff Ahmed would have "been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison," <u>id.</u> at 210, because the exhaustion requirement of PLRA was directed to suits filed by

inmates. Though *dictum*, that observation correctly interprets the PLRA. This matter should move forward to discovery. Pending acceptance or rejection of this recommendation, the following pretrial schedule is in effect:

    1. Dispositive motions shall be filed with a memorandum in support and responded to by the opposing party within twenty days. Discovery motions may be supported by a letter brief no more than two pages in length and opposed by a letter brief no more than two pages long filed within five days thereafter. Absent order to the contrary, the filing of discovery motions shall not stay discovery or extend the time for the filing of pretrial statements.

    2. Any discovery requests shall be propounded on or before November 30, 2013, and completed by December 31, 2013.

    3. Motions for summary judgment shall be filed on or before January 21, 2014. The filing of pretrial statements shall be scheduled after any motions for summary judgment have been decided.

    Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: July 10, 2013

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Paul M. Parise
    1840 Water Street
    Indiana, PA 15701